1   UNITED STATES DISTRICT COURT
2   DISTRICT OF PUERTO RICO
3
4

RICARDO DEL-VALLE-DÍAZ,

    Petitioner,                          Civil No. 14-1290 (JAF)

    v.                                  (Criminal No. 11-260)

UNITED STATES OF AMERICA,

    Respondent.

5
6                              **OPINION AND ORDER**

7       Petitioner, Ricardo Del-Valle-Díaz, brings this pro-se petition under 28 U.S.C.

8   § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed

9   violated his rights under federal law.  He requests an order to vacate, set aside, or correct

10  the sentence imposed in Crim. No. 11-260.  (Docket No. 1.)

11                                   **I.**

12                              **Background**

13      On July 7, 2011, the grand jury rendered an indictment against the petitioner for

14  coercing a minor to engage in sexually-explicit conduct.  (Crim. No. 11-260, Docket

15  No. 12.)  On September 6, 2011, the petitioner agreed to plead guilty.  (Crim. No. 11-260,

16  Docket No. 28.)   The plea agreement recommended the statutory minimum term of

17  fifteen years.  This recommendation was based on a predicted total adjusted offense level

18  of 35 and a criminal history category of I—yielding an imprisonment guideline range of

19  168-210 months. The Presentence Investigation Report, however, calculated the

20  petitioner's total offense level at 37, resulting from the addition of a two-level

21  enhancement for the vulnerability of the victim.  With this two-level enhancement, the

1   advisory sentencing range was 210 to 262 months.  On May 8, 2012, the petitioner was

2   sentenced to 210 months.  (Crim. No. 11-260, Docket No. 45.)  The petitioner timely

3   appealed his conviction. The First Circuit affirmed.  United States v. Del Valle-Diaz,

4   No. 12-1723 (1st Cir. March 20, 2013).  The petitioner did not request a petition for a

5   writ of certiorari.  The petitioner's conviction became final on June 18, 2013.  On April 4,

6   2014, the petitioner filed this petition, alleging, among other things, various types of

7   ineffective assistance of counsel.  (Docket No. 1.)  The government opposed.  (Docket

8   No. 3.)

9                                                    **II.**

10                                      **Legal Standard**

11        A federal district court has jurisdiction to entertain a § 2255 petition when the

12   petitioner is in custody under the sentence of a federal court.  See 28 U.S.C. § 2255.  A

13   federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed

14   in violation of the Constitution or laws of the United States."  Id.  A petitioner cannot be

15   granted relief on a claim that has not been raised at trial or direct appeal, unless he can

16   demonstrate both cause and actual prejudice for his procedural default.  See United States

17   v. Frady, 456 U.S. 152, 167 (1982).  Indeed, "[p]ostconviction relief on collateral review

18   is an extraordinary remedy, available only on a sufficient showing of fundamental

19   unfairness."  Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994).  Claims of

20   ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v.

21   United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective

22   assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

1          **III.**

2          **Discussion**

3          Because the petitioner appears pro se, we construe his pleadings more favorably

4    than we would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94

5    (2007).  Nevertheless, the petitioner's pro-se status does not excuse him from complying

6    with procedural and substantive law.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir.

7    2008).

8          The petitioner alleges several species of ineffective assistance of counsel.  To

9    prevail on an ineffective assistance of counsel claim, a movant must show (1) that his

10   counsel's performance fell below an objective standard of reasonableness, and (2) that

11   there is a reasonable probability that, but for his counsel's errors, the result of the

12   proceedings would have been different.  Strickland v. Washington, 466 U.S. 668, 687,

13   104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Both prongs of the Strickland test must be met

14   to demonstrate ineffective assistance.  Id.

15   **A.    Counsel was not ineffective for failing to object to the charging statute as**
16        **vague or overbroad**
17
18        The petitioner alleges that counsel failed to object to the charging statute, 18

19   U.S.C. § 2251(a), as vague or overbroad.

20        The standard used to determine whether a statute is void for vagueness is whether

21   men of common intelligence can guess its meaning.  Broderick v. Oklahoma, 413 U.S.

22   601, 607 (1973).  The petitioner does not even attempt to specify what part of the statute

23   is vague.  Nor does the petitioner cite to any authority supporting his contention that

24   § 2251(a) is vague on its face or as applied.  This might be because the force of precedent

25   moves decisively against his claim.  See, e.g., United States v. Frabizio, 459 F.3d 80, 84-

Civil No. 14-1290 (JAF)                                                                 -4-

1    86 (1st Cir. 2006) (federal child pornography statute is not unconstitutionally overbroad);

2    United States v. Robinson, 137 F.3d 652 (1st Cir. 1998); see also United States v. Gallo,

3    239 F.3d 572 (3d Cir. 2001) (upholding constitutionality of §§ 2251(a) and

4    2252(a)(4)(B)).  As such, the petitioner's claim fails.

5    **B.**    **Counsel was not ineffective for failing to negotiate a plea agreement under**
6           **Rule 11(c)(1)(C)**
7

8           The petitioner alleges that counsel failed to negotiate a plea agreement with the

9    government under Rule 11(c)(1)(C) that, according to the petitioner, would have

10   obligated us to impose a sentence based on the specific sentence or sentencing range

11   agreed to by the parties.  Again, the petitioner fails to supply his contention with the

12   support of the record.  Instead, the petitioner asserts that his counsel failed to inform that

13   we were not bound by the plea agreement he entered into with the government.  And yet,

14   at the change of plea hearing, we apprised the petitioner that we were not bound by any

15   sentencing recommendation and that we retained sole sentencing discretion.   The

16   petitioner acknowledged this.  (Crim. No. 11-260, Docket No. 52 at 18.)

17          It is a well-established principle of law that a defendant's "declarations in open

18   court carry a strong presumption of verity."   Blackledge v. Allison, 431 U.S. 63, 74

19   (1977); see also United States v. Torres-Rosario, 447 F.3d 61, 69 (1st Cir. 2006) (holding

20   that a court is entitled to give weight to assurances made at change of plea hearings

21   absent a sound reason for disregarding them); United States v. Padilla–Galarza, 351 F.3d

22   594, 598 (1st Cir.2003) ("Ordinarily, a defendant is stuck with the representations that he

23   himself makes in open court at the time of the plea."); United States v. Parrilla–Tirado,

24   22 F.3d 368, 373 (1st Cir.1994) (stating that the court will not permit a defendant to turn

25   his back on his own representations to the court merely because it would suit his

1    convenience to do so); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir.2005) (a

2    defendant's solemn declarations in open court affirming a plea agreement carry a strong

3    presumption of verity because courts must be able to rely on the defendant's statements

4    made under oath during a properly conducted Rule 11 plea colloquy).  Because he does

5    not offer any valid reasons why we should disregard his prior assurances that he offered a

6    knowing and voluntary guilty plea, the petitioner's claim fails.

7    **C.**   **<u>Counsel was not ineffective for failing to negotiate a plea agreement under a</u>**
8          **<u>different statute or charge</u>**
9

10        The petitioner claims that counsel was ineffective for failing to negotiate a plea

11    agreement under a different statute or charge.  The petitioner seems to ignore that the

12    charging function rests with the prosecutor.   It is well-settled that the decision to charge

13    a defendant, and with what charges, traditionally rests with the individual prosecutor.

14    See, e.g., United States v. LaBonte, 520 U.S. 751, 762 (1997) ("[T]he discretion a

15    prosecutor exercises when he decides what, if any, charges to bring against a criminal

16    suspect…is an integral feature of the criminal justice system, and is appropriate, so long

17    as it is not based upon improper factors; United States v. Armstrong, 517 U.S. 456, 464

18    (1996) (the decision whether or not to prosecute and what charge to file generally rests

19    entirely within the discretion of the prosecutor).  As such, the petitioner's counsel was not

20    ineffective for not usurping or interfering with the prosecutor's charging discretion.

21    **D.**   **<u>Counsel was not ineffective for failing to challenge the factual basis of his</u>**
22          **<u>guilty plea</u>**
23

24        The petitioner argues that his counsel was ineffective for failing to challenge the

25    factual basis of his guilty plea.  However, the record belies the petitioner's assertion.  We

26    reminded the petitioner that the factual basis of his guilty plea was stipulated in writing.

27    Thereafter, we recited the factual basis of his guilty plea and the petitioner acknowledged

1   the account as correct and accurate.  (Crim. Docket No. 52 at 16-18.)  Therefore, the

2   factual basis for the plea is readily apparent from the record and our Rule 11 colloquy

3   with the petitioner.  Coupled with the petitioner's failure to bring nothing more than

4   conclusory allegations to support this claim, the petitioner's claim fails.

5   **E.    Counsel was not ineffective for failing to fully explain the Presentence**
6   **Investigation Report**
7
8           Next, the petitioner claims that his counsel was ineffective for failing to fully

9   explain the Presentence Investigation Report.   Again, the record contradicts the

10  petitioner's assertions.

11          The record clearly shows that the petitioner had ample opportunity to both discuss

12  and raise objections to the Presentence Investigation Report:

13          THE COURT: Let me ask you this, Ms. Carrillo: Is there any
14          valid, legal objection to the contents of the Presentence
15          Report? You may argue whatever you want of course. There
16          is an adjustment that I think I should not consider, all those
17          things, but aside from that, from these issues, I can go one
18          way or the other. Is there any valid, legal objection to the
19          contents of the Presentence Report prepared by Ms. Davila?
20
21          MS. CARRILLO: No, Your Honor. There is no valid, legal
22          argument.
23
24          THE COURT: You find that it's --

25          MS. CARRILLO: I understand, Your Honor that this is
26          according to the law. There is a two level enhancement in this
27          case. Even though at the time that the Government and I
28          negotiated this case, we did take into account the reality of
29          the case and the reality of the victim, and both parties were
30          aware that this victim was someone that was a vulnerable
31          victim, but due to the facts and circumstances of the case, we
32          did agree to a sentence of 15 years and not to take into
33          account that --even though it was taken into account because
34          she is a victim for the purpose of guidelines, we did not take

1    it into account, Your Honor. So -- but legally wise, we do
2    understand that it could be applied.
3
4    THE COURT: Okay. And what is your client's concern, if I
5    may know, that I see him like –
6
7    MS. CARRILLO: Your Honor, my client has expressed that
8    he is -- it's too many years he's confronting. I don't know if
9    this Court remembers at the time of the change of plea, he
10   was stating about 15 years is too many years.
11
12   And right now he's in a state of trying to defend himself or
13   avoid being sentenced to even something more than the 15
14   years, which will be the recommendation given by probation,
15   according to the PSR.
16
17   So he's very concerned as to that. He feels that in some way
18   he was kind of pressured, but I do understand why the
19   reason he's stating that is survival of himself or trying not to
20   -- it's very difficult for him accepting the fact that he's
21   facing probably more than 15 years, even though he does
22   understand that there's a statutory minimum in this case and
23   that the parties recommend the 15 years. He's still very
24   scared of this two additional years or whichever amount of
25   years this Court decides to impose as to him. So that's his
26   concern right now, Your Honor.
27
28   THE COURT: Very well. Let me ask you, Mr. Del Valle, do
29   you have any objection to the contents of the Presentence
30   Report? Do you have any have any objection to the contents
31   of the Presentence Report?
32
33   THE DEFENDANT: I don't know I – I don't even know
34   what to say, to say the truth. I'm really very scared, and this is
35   the first time –
36
37   THE COURT: Well, you know --
38
39   THE DEFENDANT: I apologize to everyone, because this is
40   the first time this happens to me. I lost my family, my wife,
41   and I'm very truly repentant. But I'm really not that kind of
42   person.

1        THE COURT: Well --

2        THE DEFENDANT: I'm just scared. I don't know.

3  (Crim. Docket No. 51 at 4-5.)  The fact that petitioner was aware that he could be subject

4  to an enhanced sentence due to factors detailed in the Presentence Investigation Report,

5  reflects his knowledge and understanding of the report.  Here, again, the petitioner fails to

6  provide any details concerning what his attorney should have investigated and how the

7  information ascertained from such investigation would have helped his cause.  See, e.g.,

8  Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir.1994) (without a specific, affirmative

9  showing of what the missing evidence or testimony would have been, a habeas court

10 cannot even begin to apply Strickland's standards).  The petitioner's claim fails.

11 **F.**    **<u>Counsel was not ineffective for failing to object to sentencing enhancements</u>**
12
13        The petitioner claims that his counsel failed to object to sentencing enhancements.

14 Because the petitioner was well aware of both the mandatory and maximum sentences—

15 and of our discretion in structuring and imposing sentence—this claim is without merit.

16 See United States v. Chavez, 40 Fed. Appx. 482, 484 (9th Cir. 2002) (a defendant

17 informed by the court as to applicable minimum and maximum sentences, and also the

18 advisory nature of the sentencing guidelines, is adequately informed and counsel cannot

19 be ineffective for failing to warn of a more severe sentence.).  Moreover, the petitioner

20 fails to argue how any alleged miscalculation of enhancements by his counsel would have

21 resulted in a different outcome.   As such, he fails to show that he suffered any prejudice

22 from any alleged error of his counsel.  See Garuti v. Roden, 773 F.3d 18, 25 (1st Cir.

23 2013).  The petitioner's claim fails.

**G.    Counsel was not ineffective for failing to object to our jurisdiction**

Finally, the petitioner makes a conclusory allegation—devoid of references to the record or applicable case law—that his counsel failed to challenge our jurisdiction. The petitioner fails to recall that at the change of plea hearing we detailed the proof required for jurisdiction to attach. There, the petitioner repeatedly acknowledged understanding the requirements for jurisdiction to attach. (Crim. Docket No. 52 at 8-9). Again, the petitioner cannot challenge the knowing and voluntary admissions made under oath at a change of plea hearing. Torres-Rosario, 447 F.3d at 69 (1st Cir. 2006). Moreover, the petitioner merely asserts this claim without further development or any reliance on the record. Mere assertions without any evidentiary support are insufficient to warrant collateral relief. Cody v. United States, 249 F.3d 47, 53 n. 6 (1st Cir.2001). As such, the petitioner's claim fails.

# IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While the petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. The petitioner may

Civil No. 14-1290 (JAF)                                                                    -10-

1    request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure

2    22.

3                                           **V.**

4                                    **<u>Conclusion</u>**

5           For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket

6    No. 1).   Pursuant to Rule 4(b) of the Rules Governing § 2255 proceedings, summary

7    dismissal is in order because it plainly appears from the record that Petitioner is not

8    entitled to § 2255 relief from this court.

9           **IT IS SO ORDERED.**

10          San Juan, Puerto Rico, this 12th day of June, 2014.

11                                                    <u>S/José Antonio Fusté</u>
12                                                    JOSE ANTONIO FUSTE
13                                                    U. S. DISTRICT JUDGE